# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

JONATHAN J. FRANK  :  DOCKET NO. 2:18-cv-1432
  D.O.C. # 329734     SECTION P

VERSUS      :  JUDGE DOUGHTY


DARREL VANNOY   :  MAGISTRATE JUDGE KAY


## MEMORANDUM ORDER


Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Jonathan J. Frank, who is proceeding *pro se* in this matter. Frank is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Louisiana State Penitentiary at Angola, Louisiana. This matter is before the court on initial review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, and has been referred to the undersigned for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636.

## I.
### BACKGROUND

Following a jury trial in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, Frank was convicted on May 15, 2014, of one count of aggravated rape, a violation of Louisiana Revised Statute § 14:42. *State v. Frank*, 159 So.3d 1131, 1132 (La. Ct. App. 3d Cir. 2015). He sought review in the Louisiana Third Circuit Court of Appeal, raising the following assignments of error:

  1. The evidence was insufficient to support the conviction.

> 2. The trial court erred in denying Frank's motion for a new trial.

*Id.* The court also found one error patent relating to Frank's absence from the courtroom while the jury viewed the state's exhibits. *Id.* at 1133. The court reviewed all issues on the merits and denied relief on March 4, 2015. *Id.* at 1133–37. Frank states that he then sought review in the Louisiana Supreme Court, but we cannot locate a copy of that court's decision. Doc. 1, p. 4.

Frank states that, after conclusion of review on his direct appeal, he "timely filed" an application for post-conviction relief through counsel. Doc. 1, att. 2, p. 3. Frank's exhibits show that his post-conviction counsel mailed the application to the trial court on April 26, 2016, but his copies do not show the date that the pleading was received by the court. Doc. 1, att. 3, p. 3. There Frank claimed that he was denied his right to effective assistance of trial counsel. *Id.* at 4–9. He also contends that relief was denied by the trial court and Third Circuit Court, and the record shows that the Louisiana Supreme Court denied review on August 31, 2018. Doc. 1, p. 5; *State ex rel. Frank v. Frank*, 251 So.3d 1068 (La. 2018).

Frank filed the instant petition for writ of habeas corpus on or about November 1, 2018, raising ineffective assistance of trial counsel as his claim for relief.[1] Accordingly, we now begin our initial review of the petition.

## II.
## LAW & APPLICATION

### A. *Rule 4 Review*

Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid

---

[1] Under the prison mailbox rule, the court treats the date that a pro se inmate surrendered a pleading to the prison for mailing as the effective date of filing. Where this date is not available, the court uses the date that the pleading was received by the court.

summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final, which includes the period for filing certiorari in the United States Supreme Court. *Id.*; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott*, 192 F.3d at 512. However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were

pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

Under Louisiana Supreme Court Rule X, § 5(a), Frank had thirty days from the date of the Third Circuit's judgment on his direct appeal to file an application for a supervisory writ in the Louisiana Supreme Court. If he failed to do so, his time for seeking review expired and his conviction and sentence became final on that date – April 3, 2015, in this case. In the event that Frank's application for post-conviction relief was filed the day after it was mailed, on April 27, 2016, then Frank had already exceeded § 2244(d)'s one-year limitations period before the period was tolled during the pendency of his post-conviction proceedings.

Accordingly, Frank must amend his petition to provide proof that he sought review of his direct appeal in the Louisiana Supreme Court, and the date of the court's decision. In the event that no application for writ of review was filed in that court, Frank should state whether the failure to do so was caused by appellate or post-conviction counsel. Finally, he should raise any other applicable grounds for equitable tolling of the limitations period.[2]

## III.
### CONCLUSION

Frank's petition is deficient as described above. He must amend his complaint to show that the petition is not time-barred.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Frank at his last address on file.

---

[2] A petitioner may be entitled to equitable tolling of § 2244(d)'s limitations period if he can show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way to prevent timely filing. *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). "[N]either 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)).

**IT IS ORDERED** that Frank amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above.

Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Frank is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE this 27th day of December, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE