UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JONATHAN J. FRANK** | : | **DOCKET NO. 2:18-cv-1432** |
| **D.O.C. # 329734** | | **SECTION P** |
| **VERSUS** | : | **JUDGE DONALD E. WALTER** |
| **DARRYL VANNOY** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Jonathan J. Frank, who is proceeding pro se in this matter. Frank is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Darryl Vannoy, warden of that facility and respondent in this matter, opposes the petition.

This petition is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the petition for writ of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.
BACKGROUND

*A. Conviction and Direct Appeal*

Following a jury trial in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, Frank was convicted on May 15, 2014, of one count of aggravated rape, a violation of Louisiana Revised Statute § 14:42. *State v. Frank*, 159 So.3d 1131, 1132 (La. Ct. App. 3d Cir. 2015). He

-1-

sought review in the Louisiana Third Circuit Court of Appeal, raising the following assignments of error:

1. The evidence was insufficient to support the conviction.
2. The trial court erred in denying Frank's motion for a new trial.

*Id.* The court also found one error patent, relating to Frank's absence from the courtroom while the jury viewed the state's exhibits. *Id.* at 1133. The court reviewed all issues on the merits and denied relief on March 4, 2015. *Id.* at 1133–37. He did not seek review in the Louisiana Supreme Court.

### B. *State Collateral Review*

Frank states that, after conclusion of review on his direct appeal, he "timely filed" an application for post-conviction relief through counsel. Doc. 1, att. 2, p. 3. Frank's exhibits show that his post-conviction counsel mailed the application to the trial court on April 26, 2016, but his copies do not show the date that the pleading was received by the court. Doc. 1, att. 3, p. 3. There Frank claimed that he was denied his right to effective assistance of trial counsel. *Id.* at 4–9. He also contends that relief was denied by the trial court and Third Circuit Court, and the record shows that the Louisiana Supreme Court denied review on August 31, 2018. Doc. 1, p. 5; *State ex rel. Frank v. Frank*, 251 So.3d 1068 (La. 2018).

### C. *Federal Habeas Petition*

Frank filed the instant petition in this court on November 1, 2018. Doc. 1. Here he raises one claim of ineffective assistance of trial counsel in failing to consult with petitioner and conduct an adequate investigation, failing to seek sufficient money for DNA testing and failing to investigate alleged tainted evidence. *Id.*

Following receipt of the petition, we instructed the petitioner to amend his petition to provide proof that he sought review of his direct appeal in the Louisiana Supreme Court, and the

date of the court's decision. [Doc. 9] In the event that no application for writ of review was filed in that court, he was ordered to state whether the failure to do so was caused by appellate or post-conviction counsel. Finally, he was ordered to raise any other applicable grounds for equitable tolling of the limitations period.

Petitioner, complying with this Court's order, filed a response stating that the attorney he hired to handle his appeal advised that they would not file a writ of review to the Louisiana Supreme Court, but instead would pursue post-conviction relief, which he did by filing a timely application for post-conviction relief in the trial court on April 26, 2016. [Doc. 10]

## II.
### LEGAL STANDARDS

*A. Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of § 2244(d)

the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B.  *Exhaustion and Procedural Default*

Exhaustion and procedural default are both affirmative defenses that may be considered waived if not asserted in the respondent's responsive pleadings. *E.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any assertions by respondent under these doctrines, in addition to conducting our own review.

### 1.  *Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require that a petitioner seeking federal habeas corpus relief exhaust all available state court remedies before filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). The exhaustion requirement is not satisfied if the petitioner presents new legal theories or

-4-

entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, based on the same general legal theories and factual allegations that he raises in his § 2254 petition.

### 2. *Procedural Default*

When a petitioner's claim is dismissed by the state court based on state law grounds, and those grounds are independent of the federal question and adequate to support the judgment, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or that review is necessary "to correct a fundamental miscarriage of justice." *Coleman v. Thompson*, 111 S.Ct. 2546, 2553–54, 2564 (1991) (internal quotations omitted). Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default) or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). This is not a jurisdictional matter, but instead a doctrine "grounded in concerns of comity and federalism." *Trest v. Cain*, 118 S.Ct. 478, 480 (1997). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043

(1989). To serve as adequate grounds for a federally cognizable default, the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

### C. General Principles

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *E.g.*, *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). That statute provides that a writ of habeas corpus shall not be granted unless the state court's adjudication resulted in a decision that was (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d). Where a habeas court is faced with an unexplained decision on the merits, it "looks through" that decision to the last related state court decision that provides a relevant rationale and presumes that the unexplained decision adopts the same reasoning. The respondent may rebut the presumption by showing that the unexplained decision most likely relied on different grounds than the reasoned decision below. *Wilson v. Sellers*, 138 S.Ct. 1188 (2018). Our review, however, ultimately encompasses "only a state court's decision, and not the written opinion explaining that decision." *Maldonado v. Thaler*, 625 F.3d 229, 239 (5th Cir. 2010) (internal quotations omitted); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) ("The statute compels federal courts to review for reasonableness the state court's ultimate decision, not every jot of its reasoning.") Even if the state court issues a summary denial of the claim, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. The petitioner must demonstrate that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786–87. A decision is only contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a [contrary result]." *Bell v. Cone*, 125 S.Ct. 847, 851 (2005) (quotations and citations omitted). As the Court recently emphasized, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.' . . . Nor, of course, do state-court decisions, treatises, or law review articles." *Kernan v. Cuero*, 138 S.Ct. 4, 9 (2017) (internal citation omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies only to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination. Instead, he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Instead, a presumption of correctness attaches to the state court's factual determinations and the petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III.
## APPLICATION

### A. Timeliness

Frank's conviction became final on April 3, 2015, when his 30-day window for seeking review in the Louisiana Supreme Court expired. La. Sup. Ct. R X § 5(a). Thus, the AEDPA filing period began to run on April 3, 2015. The one-year filing period ran uninterrupted until April 3, 2016, when it expired. Frank had no properly filed state application for post-conviction or other collateral review pending during that time. In fact, the state court record contains no other filings by Frank until he filed, through counsel, an application for post-conviction relief with the state trial court on April 26, 2016, after **389 days** accrued against the one-year limitation period. This pleading, filed after expiration of the AEDPA one-year filing period, provides no tolling benefit under the statute. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For this reason, Frank's federal petition filed by on November 1, 2018, was not timely filed under the AEDPA.

### B. Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace v. DiGuglielmo*, 125 S. Ct. 1807 (2005); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 121 S. Ct. 1124 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied,* 119 S. Ct. 1474 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 125 S. Ct. 1807 (2005); *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 130 S. Ct. 2549 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); Fisher, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Frank asserts that his retained counsel was responsible for the delay in the filing of his application for post-conviction relief. Counsel was retained on February 21, 2015, prior to the Third Circuit Court of Appeal's denial of his direct appeal. [Doc. 10, att. 1, p. 2] According to

correspondence dated March 3, 2015, from counsel to petitioner, counsel was retained to "provide legal representation for preparing and filing an Application for Post-Conviction Relief in the district court…" *Id.* at p.4. There is a two-year period of limitations to file such applications, and petitioner's counsel acted within that time, filing same with the trial court on April 26, 2016. There is no evidence or representation by petitioner that he hired counsel to also pursue federal habeas relief and counsel's correspondence with petitioner indicates that this was not the agreement.

The Fifth Circuit has held that "petitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation. Our cases hold that 'ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings.'" *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) (quoting *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). "The 'act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition.'" *Id. (quoting Doe v. Menefee*, 391 F.3d 147, 175 (2d Cir. 2004) (Sotomayor, J.)). "Because pro se petitioners are expected to comply with AEDPA's statute of limitations, it would be unfair to expect less from petitioners who are represented by counsel." *Id*.

Finding that the district court abused its discretion when it held that equitable tolling was available in *Manning, supra,* the Court held that the petitioner "knew his conviction had become final, but he neither encouraged his first two attorneys to file his application for postconviction relief nor inquired about the status of his application. For a period of more than nineteen months, then, he relied on his appointed counsel to comply with all applicable statute of limitations. Such reliance, perhaps occasioned by the admittedly tangled procedural history that we have described, does not constitute "due diligence" as courts have interpreted that phrase." *Id*. at 185-86.

A plea for equitable tolling, based on similar facts, was rejected in *Williams v. Morgan*, 2016 U.S. Dist. LEXIS 47092, 2016 WL 1594454 (W.D. La. 2016), and the Fifth Circuit denied a COA. *Williams v. Deville*, 2017 U.S. App. LEXIS 14704, 2017 WL 3296276 (5th Cir. 2017).

Accordingly, Frank has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling under the § 2244(d) computation. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days

from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 8th day of October, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE